```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BECKLEY
```

**RUTH ELAINE SHRIVER,**

    **Petitioner,**

                              CRIMINAL ACTION NO. 5:02-0198
v.                                CIVIL ACTION NO. 5:04-0923
                                   CIVIL ACTION NO. 5:04-1109

**UNITED STATES OF AMERICA,**

    **Respondent.**

<u>MEMORANDUM OPINION</u>

    On August 26, 2004, petitioner filed a letter-form petition under 28 U.S.C. § 2255 contending a term of incarceration that was imposed upon her on August 5, 2004, was unconstitutional. (<u>See</u> Civil Action No. 5:04-0923, Doc. No. 110.)  Petitioner submitted further documents in support of this initial petition on October 13, 2004, which the Clerk filed under a separate civil action number.  (<u>See</u> Civil Action No. 5:04-1109, Doc. No. 114.) Because it appears that petitioner intended only to file one action under 28 U.S.C. § 2255, the court will address the cases together.[1]

    28 U.S.C. § 1915A(a) directs courts to review complaints filed by prisoners against the government "before docketing, if feasible or . . . as soon as practicable after docketing" to

---

[1] By Standing Order, these cases were initially referred to a magistrate judge for preparation of proposed findings and recommendation as to disposition.  (Civil Action No. 5:04-0923, Doc. No. 113; Civil Action No. 5:04-1109, Doc. No. 117.)  To expedite this case's disposition, the court hereby **VACATES** the Standing Order, only as applied to these cases.

ascertain whether they contain valid claims.  Section 1915A(b)(1) directs the court to dismiss any complaint, or portions of any complaint, which contain claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted."  Id.

A search of the records of the Bureau of Prisons indicates that petitioner has been released as of the date of this opinion. Petitioner's case must fail because she has been released from prison.  As such, the court finds that petitioner's claims seeking release from prison are moot, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).  See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (holding that a "collateral consequence" of conviction must exist after a prisoner's release in order for her to continue to maintain a challenge to her confinement).  A Judgment Order effectuating the court's finding has been issued contemporaneously with this opinion.

The Clerk is directed to send copies of this Memorandum Opinion to Magistrate Judge R. Clarke VanDervort, counsel of record, and the petitioner, pro se.

It is **SO ORDERED** this 11th day of January, 2007.

ENTER:

*David A. Faber*
David A. Faber
Chief Judge

-2-